**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

---

Jerome Treadwell,
    Petitioner

vs                                 Case No. 1:02cv579
                                        (Spiegel, J.; Black, M.J.)

Marc C. Houk,
    Respondent

---

**REPORT AND RECOMMENDATION**

---

     Petitioner, an inmate in state custody at the Southern Ohio Correctional Facility in Lucasville, Ohio, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his June 15, 2000 conviction in the Hamilton County, Ohio, Court of Common Pleas for drug possession and trafficking offenses. This matter is before the Court on the petition, as amended, and respondent's answer, as supplemented. (Docs. 12, 14).

     Petitioner's sole ground for relief is quoted verbatim, as follows:

> The Ohio Appellate Court deprived [petitioner] of his absolute right to procedural due process of law when that court held that Petitioner failed to show good cause for his untimely filing of his motion to reopen his appeal as of right under Ohio Appellate Rule 26 (B).

(Doc. 12).

This claim grew out of petitioner's efforts to reopen his direct appeal. On June 20, 2003, petitioner filed a delayed motion to reopen his appeal pursuant to Ohio App. R. 26(B) based on ineffective assistance of appellate counsel. (*See* Doc. 12, Ex. A). On September 2, 2003, the Ohio Court of Appeals overruled the application for reopening, explaining:

> The appellant asserts that the filing delay was justified because he was denied the effective assistance of counsel when appellate counsel neglected to inform him of the ninety-day filing limitation. This alleged deficiency in appellate counsel's performance following our entry of judgment in the appellant's direct appeal did not constitute good cause for the filing delay. The appellant had no right to counsel to assist him in filing his application to reopen his appeal and neither the appellant's ignorance of the law nor his misplaced reliance upon counsel excused him from ensuring that his application was timely filed.

(Doc. 12, Ex. A) [citations omitted]. Petitioner subsequently appealed the decision to the Supreme Court of Ohio, raising the following propositions of law:

> 1. Pursuant to the Supremacy Clause of Article VI, United States Constitution the Court of Appeals denied Appellant his absolute right to procedural due process of law in holding that his ineffective assistance of counsel claim did not serve as cause for his untimely filing of the motion to reopen his appeal as of right.
>
> 2. Appellant counsel renders constitutionally ineffective assistance of counsel where he failed to cite trial counsel's ineffectiveness in failing to recognize, argue and brief the fact that Appellant's no contest plea was made unknowingly, unintelligently and involuntarily.

(Doc. 16, Ex. 1; Doc. 17). On December10, 2003, the Supreme Court of Ohio dismissed the appeal as not involving any substantial constitutional question. (Doc. 12, Ex. A).

On August 7, 2002, petitioner filed his federal habeas corpus petition but the action was stayed pending exhaustion of his state court remedies. (Docs. 1, 8, 9). Upon the reopening of this case on September 30, 2004, petitioner asserted one

2

ground for relief. (Doc. 13). On March 10, 2005, this Court stayed decision in this case pending the Sixth Circuit's rehearing *en banc* in *Lopez v. Wilson,* 355 F.3d 931, 933 (6th Cir. 2004), a case which this Court concluded would likely control the outcome of the instant proceedings. (Doc. 19).

In *Lopez v. Wilson,* No. 01-3875, 2005 WL 2465890, at *12, 13  (6th Cir. Oct. 7, 2005) (en banc) (to be published), the Sixth Circuit held that an application for reopening an appeal under Ohio R. App. P. 26(B) is a collateral post-conviction remedy rather than part of the direct appeal and therefore does not implicate constitutional concerns. The court went on specifically to conclude that because a "Rule 26(B) application to reopen is a collateral matter rather than part of direct review[,] . . . there is no federal constitutional right to assistance of counsel at that stage." 2005 WL 2465890, at *12. *Lopez* overrules *White v. Schotten,* 201 F.3d 743 (6th Cir.), *cert. denied,* 531 U.S. 940 (2000), the decision upon which petitioner relies to support his sole ground for relief. (Doc. 12 at 8-9; Doc. 17 at 4).

Since petitioner had no constitutional right to counsel in the preparation of his 26(B) application to reopen, counsel's alleged deficiency in failing to inform him of the ninety day time-frame for filing the application did not raise constitutional concerns. The Ohio Court of Appeals decision not to entertain his untimely filing despite counsel's failing did not violate petitioner's right to due process because petitioner had no constitutional right to the sound advice of counsel at that stage of the proceedings. Without a constitutional violation, petitioner has not suffered an injury cognizable in habeas. *Lopez,* 2005 WL 2465890, at *13.  Accordingly, petitioner is not entitled to habeas corpus relief on his sole ground for relief.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 12) be DENIED with prejudice.

2. A certificate of appealability should not issue with respect to petitioner's ground for relief because petitioner has failed to make a substantial showing of the denial of a constitutional right remediable in this federal habeas corpus proceeding. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  Petitioner has not shown that reasonable jurists could debate whether his claim should have been resolved in a

different manner or that the issue presented was "adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 323-324 (2003) (quoting *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000)) (in turn quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983)).

    3. With respect to any application by petitioner for *in forma pauperis* status for the purposes of pursuing an appeal of an order adopting this report and recommendation, this Court should certify that pursuant to 28 U.S.C. § 1915 (a) an appeal of this order would not be taken in "good faith," and, therefore, DENY petitioner leave to proceed on appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


Date:  November 7, 2005         s/Timothy S. Black
    hr                                               Timothy S. Black
                                                                    United States Magistrate Judge


J:\ROSENBEH\2254(2005)\02-579lopez.wpd


**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Jerome Treadwell,
    Petitioner

    vs                                              Case No. 1:02cv579
                                                        (Spiegel, J.; Black, M.J.)

Marc C. Houk,
    Respondent

## NOTICE

    Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled action. Pursuant to Fed. R. Civ. P. 72(b), any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof.  Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s).  Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections.  *See* Fed. R. Civ. P. 72(b).  A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal.  *See Thomas v. Arn,* 474  U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).