```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

JEROME TREADWELL,            :       NO. 1:02-CV-00579
                             :
     Petitioner,             :
                             :       **OPINION AND ORDER**
     v.                      :
                             :
MARC C. HOUK,                :
                             :
     Respondent.             :

This matter is before the Court on the Magistrate Judge's November 7, 2005 Report and Recommendation (doc. 21).  No Objection has been filed.  The Court finds the Magistrate Judge's Report and Recommendation correct and ADOPTS such Report in all respects.

On January 14, 2004, Petitioner filed an amended petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254 (doc. 12).  Petitioner's sole ground for relief is stated as follows:

> The Ohio Appellate Court deprived [Petitioner] of his absolute right to procedural due process of law when that court held that Petitioner failed to show good cause for his untimely filing of his motion to reopen his appeal as of right under Ohio Appellate Rule 26(B).

(Id.).  The Magistrate Judge found that Petitioner's claim grew out of Petitioner's delayed motion to reopen his appeal pursuant to Ohio App. R. 26(B) based on ineffective assistance of appellate counsel (doc. 21).  The Magistrate Judge further found that the Sixth Circuit's decision in Lopez v. Wilson, 426 F.3d 339 (6th Cir. 2005)(en banc), controls here (Id.).  In Lopez, the court held that

an application for reopening an appeal under Ohio App. R. 26(B) is a collateral post-conviction remedy rather than part of the direct appeal, and therefore constitutional concerns are not implicated (Id., citing 426 F.3d at 352). The Magistrate Judge reasoned that because under Lopez Petitioner had no constitutional right to counsel in the preparation of his 26(B) application to reopen, counsel's alleged deficiency in failing to inform Petitioner of the filing time frame did not raise constitutional concerns (Id.). With no constitutional violation, found the Magistrate Judge, Petitioner has not suffered an injury cognizable in habeas (Id.). Accordingly, Petitioner is not entitled to relief on the sole ground in his petition (Id.).

Proper notice was provided to the Parties under Title 28 U.S.C. § 636(b)(1)(C), including the notice that they would waive further appeal if they failed to file an objection to the Magistrate Judge's Report and Recommendation in a timely manner. See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).

Having reviewed this matter de novo, pursuant to Title 28 U.S.C. § 636, the Court concludes that the Magistrate Judge's Report and Recommendation is thorough, well-reasoned, and correct. The Court further notes that no objection has been filed to the Report and Recommendation. Accordingly, the Court ADOPTS IN ENTIRETY the Magistrate Judge's Report and Recommendation (doc. 21), DENIES WITH PREJUDICE Petitioner's Petition for a Writ of

2

Habeas Corpus (doc. 12), and FINDS that a certificate of appealability should not issue with respect to Petitioner's ground for relief because Petitioner has failed to make a substantial showing of the denial of a constitutional right remediable in this federal habeas corpus proceeding. See 28 U.S.C. § 2253(c), Fed. R. App. P. 22(b). Petitioner has not shown that reasonable jurists could debate whether his claim should have been resolved in a different manner or that the issue presented was "adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 323-24 (2003)(quoting Slack v. McDaniel, 529 U.S. 473, 483-84 (2000))(in turn quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Finally, the Court CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that with respect to any application by Petitioner to proceed on appeal in forma pauperis, an appeal of this Order would not be taken in "good faith" and therefore the Court DENIES Petitioner leave to appeal in forma pauperis upon a showing of financial necessity. Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

       SO ORDERED.

Dated: March 7, 2006        /s/ S. Arthur Spiegel
                                       S. Arthur Spiegel
                                       United States Senior District Judge